UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JULEISY MONCADA-FLORES,<br><br>Defendant. | Case No. 23-cr-00337-JD-1   (LJC)<br><br>**DETENTION ORDER**<br>Re: ECF No. 10 |

On October 3, 2023, Juleisy Moncada-Flores was indicted by a grand jury for two counts of distribution of fentanyl, one count of distribution of methamphetamine, one count of possession with intent to distribute methamphetamine, and one count of possession with intent to distribute cocaine base. ECF No. 1.

The Government has moved to detain Moncada-Flores and filed a Memorandum in support of its motion. ECF Nos. 7, 10. Pretrial Services interviewed Moncada-Flores on October 11, 2023, and prepared a pre-bail report that recommended detention due to the risk of nonappearance. ECF No. 9. A detention hearing was originally set for October 16, 2023, but at Moncada-Flores's request, a continuance was granted to allow her additional time to seek a surety. ECF No. 11. Proffers were heard on October 20, 2023, and, at Moncada-Flores's request, the Court granted additional time for her attorney to provide Pretrial Services with the contact information for possible sureties. ECF No. 13. Pretrial Services was also directed to provide the Court with an Addendum Report. Id. On October 30, 2023, the parties reconvened for a further detention hearing. Moncada-Flores was present and represented by Severa Keith. Assistant United States Attorney Kevin Yeh appeared for the Government. At this hearing, no sureties had materialized for Pretrial Services' review, and none were proposed to the Court.

The present Order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). Upon consideration of the facts, proffers and arguments presented, and for the reasons in the record and this Order, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Moncada-Flores.

## I.   LEGAL STANDARD

The Bail Reform Act "mandates the release of a person pending trial unless the court 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008) (quoting 18 U.S.C. § 3142(e)). On a motion for pretrial detention, the Government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991). "Only in rare circumstances should release pending trial be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." United States v. Castaneda, No. 18-cr-00047-BLF, 2018 WL 888744, at *3 (N.D. Cal. Feb. 14, 2018) (citing Gebro, 948 F.2d at 1121). Under the Act, detention prior to trial is a "carefully limited exception." United States v. Salerno, 481 U.S. 739, 755 (1987).

The Court considers four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged, including whether the offense is a federal crime that involves, among other things, a firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

Where there is probable cause that a defendant has violated an offense for which a

maximum of ten years in prison or more is prescribed in the Controlled Substances Act, courts apply a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community. See 18 U.S.C. § 3142(e)(3)(A). When the presumption applies, it imposes a "burden of production" on the defendant to put forward "some credible evidence" in order to rebut it. Castaneda, 2018 WL 888744, at *4. If the defendant offers evidence that overcomes the presumption, "the presumption is not 'erased' but rather it 'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to the factors listed in § 3142(g).'" Id.

## II.  ANALYSIS

As a threshold matter, the Court addresses the Government's asserted presumption in favor of detention. The indictment against Moncada-Flores charges her with five counts of violating 21 U.S.C. § 841(a)(1), (b)(1)(C), which carries a maximum term of imprisonment of more than ten years under the Controlled Substances Act. ECF No. 1. These charges trigger a rebuttable presumption that no condition or combination of conditions will reasonably assure her appearance as required and the safety of the community. See 18 U.S.C. § 3142(e)(3)(A).

As noted on the record and further stated here, the Court makes the following findings. Moncada-Flores has no viable surety or custodian. Furthermore, her ties to the community are limited. She has been present here in the Bay Area since approximately 2019. Prior to that, she resided in Houston, Texas for at least one year, and she attended high school there. Moncada-Flores's country of origin is Honduras. She maintains daily contact with her parents who continue to reside in Honduras.

Despite multiple court appearances, Moncada-Flores has not proffered any significant family network in the Bay Area. Moncada-Flores's minor sister and two minor children who have resided with her do not show a strong link to the Bay Area through employment or schooling. Nor does the record indicate that they influenced Moncada-Flores's behavior in a positive direction, given her arrest history and her conduct observed during the investigation. The proffers concerning Moncada-Flores's conduct include persistent involvement in the drug trade, a home with minors and significant quantities of drugs present, and leaving her children at a residence

with significant quantities of drugs, firearm parts, and at least one firearm.

The Government's proffers as to Moncada-Flores's intent to flee with her children were not disputed. The serious charges that she is facing, and the limited ties in this community, create an incentive to flee. Her youth, as well as her history, the charges against her, and the circumstances surrounding her arrest, indicate significant risk that she will not appear. Yet, Moncada-Flores proposes that she be released to return to live at her residence on her own recognizance.

On these grounds, Moncada-Flores has not overcome the presumption in favor detention, let alone demonstrated that factors under 18 U.S.C. § 3142(g) warrant her release with conditions. Specifically, Moncada-Flores has not met her burden to present "some credible evidence" to establish a reasonable assurance that she would not flee. Though she has two minor children, she has expressed a desire to flee with them. The record indicates one charge of child abuse, though the disposition of the charge is unknown. Despite various court appearances, Moncada-Flores offered few details about her children, her relationship with them, or how the opportunity to return home with them or to seek their release from the custody of Child Protective Services would not likely lead to her fleeing with them.

Accordingly, the Government has demonstrated by clear and convincing evidence there are no conditions or combination of conditions that will reasonably assure Moncada-Flores's appearance to answer the charges against her. These findings are made without prejudice to Moncada-Flores's right to seek review of this detention order or file a motion for reconsideration if circumstances warrant it. Furthermore, by subsequent order, this Court may permit temporary release of Moncada-Flores, if the Court determines "such release to be necessary for preparation of the person's defense or for other compelling reason." 18 U.S.C. § 3142(i); see also, 18 § 3142(f)(2)(B) ("The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial" in certain circumstances). Moncada-Flores may be able to justify temporary release if there is a compelling basis corroborated by a more developed record as to her two minor children, her minor sister or other relatives, and an alternative proposed residence and family support, or depending on developments in the court proceedings concerning

4

her children, such as juvenile dependency proceedings.

Pursuant to 18 U.S.C. § 3142(i), **IT IS ORDERED THAT**:

1. The Defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated: 11/6/2023

LISA J. CISNEROS
United States Magistrate Judge