ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KEVIN YEH (CABN 314079)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    (415) 436-7063
    kevin.yeh@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> v. <br> JULEISY MONCADA-FLORES, <br>     Defendant. | CASE NO. 3:23-CR-337 JD <br> **UNITED STATES' SENTENCING MEMORANDUM** <br> Hearing Date: August 26, 2024 <br> Time:        10:30 a.m. <br> Courtroom:  No. 11, 19th Floor <br> Judge:      Hon. James Donato |

**INTRODUCTION**

Juleisy Moncada-Flores not only engaged in the serious offense of peddling deadly drugs on multiple occasions in the Tenderloin, she also worked with her minor sister alongside her. However, Moncada-Flores successfully debriefed with the government after her guilty plea and has expressed seemingly sincere regret for her actions. The government believes that Moncada-Flores can be rehabilitated and is likely sufficiently deterred from going down the path again that she previously chose. But there remains a need for general deterrence, to show others that victimizing the vulnerable and contributing to the decay of the community through drug dealing cannot and will not be tolerated.

Moncada-Flores has pleaded open to all five counts in the Indictment: Count One charges a

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) – Distribution of a Mixture and Substance Containing a Detectable Amount of Fentanyl; Count Two charges a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) – Distribution of a Mixture and Substance Containing a Detectable Amount of Fentanyl; Count Three charges a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) – Distribution of a Mixture and Substance Containing a Detectable Amount of Methamphetamine; Count Four charges a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine; and Count Five charges a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Cocaine Base.

The government agrees with Probation that the defendant's offense level is 27 and her criminal history category is I, resulting in a Guidelines range of 70–87 months. For the reasons herein, and considering the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends that the Court sentence Moncada-Flores to a term of imprisonment of 35 months; 3 years of supervised release; forfeiture; and a special assessment of $100 per felony count.

## DISCUSSION

### I. Factual History

#### A. July 13, 2023 Controlled Purchase

On July 13, 2023, at the corner of Market and 7th Streets in San Francisco, an undercover officer approached Moncada-Flores, who was with her minor sister ("S.M.") and asked if she had any "yellow"—a street term for fentanyl. Moncada-Flores asked how much he wanted and the officer indicated that he wanted $40 worth. The undercover officer handed Moncada-Flores $40. S.M. spoke with Moncada-Flores and took the $40 from her. S.M. asked whether the undercover officer wanted "regular" fentanyl, and he said he wanted yellow. She then opened a bag apparently containing multiple packaged narcotics and handed two chunks of suspected fentanyl to the officer. Later, the suspected fentanyl was determined to weigh 2.98 grams net and confirmed by lab tests to contain fentanyl.

#### B. July 19, 2023 Controlled Purchase

On July 19, 2023, an undercover agent texted with Moncada-Flores to arrange a narcotics sale. That evening, the undercover officer called Moncada-Flores, who told him she was at 7th and Mission

Streets. The undercover officer approached Moncada-Flores and S.M., who were seated on the retaining wall of the federal building. The officer gave Moncada-Flores $190 in exchange for one ounce of methamphetamine and an "8 ball" of fentanyl. Later, the suspected fentanyl was determined to be 3.79 grams net and confirmed by lab tests to contain fentanyl; the suspected methamphetamine was determined to be 27.22 grams net and confirmed by lab tests to contain methamphetamine.

### C. August 22, 2023 Controlled Purchase and Takedown

Officers eventually planned a takedown of Moncada-Flores. On August 21, 2023, an undercover officer contacted Moncada-Flores by text message to arrange a narcotics sale for one ounce of fentanyl and one ounce of methamphetamine for the next day.

The next day, on August 22, 2023, SFPD officers, assisted by federal agents, executed state search warrants for the persons of Moncada-Flores and S.M., as well as cars and residences associated with them. Officers began their operation by surveilling Moncada-Flores and tracking her cell phone. She was seen driving her car in Oakland with her two-year-old son in the rear. The undercover officer texted Moncada-Flores and confirmed his plans to purchase from her one ounce each of methamphetamine and fentanyl in San Francisco later that day. After reaching the designated meeting spot, she called the undercover officer and told him she was there. An arrest team moved in, performed a traffic enforcement stop, ordered Moncada-Flores out of the car, and detained her. Officers searched her and found 29.2 grams gross (approximately one ounce) of suspected methamphetamine and 28.9 grams gross of suspected fentanyl. (Later TruNarc testing indicated that the drugs were presumptive positive.) Her son was again in the backseat of her car when she was arrested.

Moncada-Flores was Mirandized in Spanish and agreed to speak with officers in a recorded interview. She confirmed her name, birthday, cell phone number, and address. She also has two children. She has been present in the United States at various points since she was nine-years-old and came to Houston from Honduras in 2018. She moved to the Bay Area around 2019. She indicated that her boyfriend of approximately eight months directed her to do drug drops in different places, including Sacramento several times a week. She also admitted to selling narcotics at 7th Street and Market for the last 4–5 months. She admitted that she all of the narcotics in her house were hers except for the fentanyl, which belonged to her boyfriend.

Moncada-Flores's residence was searched. Various amounts of fentanyl, methamphetamine, heroin, and cocaine base were found throughout the house. Officers also found a blender with various colored stains, a canister of Mannitol, various dyes, multiple digital scales, a cutting tool, and papers with Moncada-Flores's name. In the backyard was a large hydraulic press.

The drugs from the residence were later lab tested and weighed as follows: 83.66 net grams of fentanyl; 101.04 net grams of methamphetamine; 15.68 net grams of cocaine base; and 16.06 net grams of heroin.

## II. Procedural History

On October 3, 2023, a grand jury returned a five-count indictment against Moncada-Flores. Dkt. No. 1.

On November 6, 2023, the Honorable Lisa J. Cisneros ordered Moncada-Flores detained pending trial. Dkt. No. 16.

On January 22, 2024, this Court set a trial date of June 17, 2024.

On April 15, 2024, Moncada-Flores pleaded guilty to all counts in the indictment. Dkt. No. 38.

Sentencing is set for August 26, 2024, before this Court. Dkt. No. 40

## III. Sentencing Guidelines Calculation

The government and Probation agree that the Guidelines calculation is as follows:

| | | |
|---|---|---|
| a. | Base Offense Level, U.S.S.G. § 2D1.1(a)(5), (c)(7): | 26 |
| b. | Specific Offense Characteristic, § 2D1.1(b)(16)(B) – Use of a minor: | +2 |
| c. | Role Adjustment, § 3B1.1(c) – Organizer, leader, manager, or supervisor: | +2 |
| d. | Acceptance of Responsibility: | -3 |
| e. | Adjusted Offense Level: | **27** |

The parties and Probation agree that Moncada-Flores's criminal history category is I. Offense Level 27 at CHC I yields a Guidelines range of **70 to 87 months**.

## IV. Applicable Law

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *See United States v. Carty*,

520 F.3d 984, 991 (9th Cir. 2008).  The Court should first calculate the correct sentencing range under the Sentencing Guidelines.  *See id.*  After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a).  *See id.* at 991–93.

In arriving at the appropriate sentence, and in light of 18 U.S.C. § 3553(a), the Court should consider these factors applicable to this case, among others:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;
>
> (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (5) the need to provide restitution to any victims of the offense.

## V. Recommended Sentence and Section 3553(a) Factors

### A. Probation's Recommendation

Probation has recommended that Moncada-Flores be sentenced to a term of imprisonment of 48 months; supervised release of 3 years, and a special assessment of $500.

### B. Government's Recommended Term of Imprisonment

The government respectfully submits that a sentence of 35 months is sufficient, but not greater than necessary, to vindicate the considerations behind Section 3553(a).  Here, such a sentence appropriately balances the Section 3553(a) factors, recognizing the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence, as well as taking into account the history and characteristics of the defendant, as described in the Presentence Investigation Report.

Moncada-Flores had a difficult upbringing, appears to have associated with the wrong people, and suffered unspeakable abuse and trauma.  In the midst of all that, she turned to trafficking narcotics, in part to repay debts.

The government believes that Moncada-Flores regrets her poor decision to turn to drug dealing as a means to make money. And although the government has no doubt that she essentially involved and supervised her sister in drug dealing, a generous interpretation of what happened is that she was watching after her sister too. The government believes that Moncada-Flores can be rehabilitated and has likely been sufficiently deterred from making the same choice again. Indeed, she has (or should have) a strong incentive not to engage in further criminal conduct given her responsibility towards her two children and now that she is fully aware of the potential consequences of turning to wrongdoing. In light of her young age (22), traumatic and difficult background, and two young children, the government believes that a below-Guidelines sentence is appropriate here.

Nevertheless, Moncada-Flores engaged in drug dealing. However difficult her circumstances, she had a *choice*, just like the many others like her who came from similar backgrounds who chose *not* to turn to criminality. Even as she sought to support herself and her family, her decision to hawk drugs such as methamphetamine and fentanyl in the Tenderloin was a selfish one that added to the persistent and devastating misery in our communities. Her sentence must therefore serve the goal of general deterrence, as an example for anyone else who might consider making the same calculation, to show that crime simply does not pay.

## CONCLUSION

In full consideration of the goals of sentencing and for the reasons stated herein, the government respectfully recommends that the Court sentence Moncada-Flores to a term of imprisonment of 35 months. Such a sentence is sufficient, but not greater than necessary, to vindicate the goals of Section 3553(a). The government also respectfully requests that the Court sentence Moncada-Flores to a 3-year term of supervised release; forfeiture; and a special assessment of $100 per felony count.

//
//
//
//
//
//

U.S.' SENTENCING MEM.                                6
CASE NO. 3:23-CR-337 JD

| | | |
|---|---|---|
| 1 | DATED: August 10, 2024 | Respectfully submitted, |
| 2 | | ISMAIL J. RAMSEY<br>United States Attorney |
| 3 | | |
| 4 | | _____/s/_____<br>KEVIN YEH |
| 5 | | Assistant United States Attorney |